UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXIENNE PHYSICIANS MEDICAL | ) | |
| ASSOCIATION, PLLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. |
| | ) | |
| HEALTH CARE SERVICE | ) | 3:22-CV-0591-G |
| CORPORATION d/b/a BLUE CROSS | ) | |
| AND BLUE SHIELD OF TEXAS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the defendant's motion to dismiss under Rule 12, FED. R.

CIV. P.  For the reasons stated below, the motion to dismiss for lack of subject matter

jurisdiction is **DENIED,** and the motion to dismiss for failure to state a claim is

**GRANTED IN PART** and **DENIED IN PART**, but the plaintiff is given leave to

replead.

I. BACKGROUND

This is a dispute between a medical care provider and a health insurance

company.  Plaintiff Texienne Physicians Medical Association ("Texienne") filed this

action against Defendant Health Care Service Corporation, which is better known as Blue Cross and Blue Shield of Texas ("Blue Cross"). Plaintiff's Second Amended Complaint (docket entry 37) ("Second Amended Complaint"). Texienne is a professional limited liability company that provides medical services. *Id.* ¶ 6. Blue Cross is a health insurance company that contracted with Texienne on August 16, 2018 (the "TPMA contract"). *Id.* ¶¶ 10-19. But Texienne had already been treating patients insured by Blue Cross since it began operations in late 2016. *Id.* ¶¶ 6-9.

Generally, Texienne alleges that Blue Cross underpaid Texienne for health care services rendered to patients insured by Blue Cross. Second Amended Complaint. Under the TPMA contract, Texienne is entitled to its billed rates unless a patient's specific policy or plan provides for payment at a lower rate. *Id.* ¶ 26. But, Texienne alleges, Blue Cross paid Texienne less than its billed rates without providing evidence that an applicable policy or plan entitled Blue Cross to pay a lower rate. *Id.* ¶ 27.

Texienne filed this suit on November 1, 2021, in a Texas state court. Notice of Removal (docket entry 1) at 1. Blue Cross timely removed this action to the United States District Court for the Southern District of Texas. *Id.* Upon agreement of the parties, the case was then transferred to this court. Order to Transfer (docket entry 13).

Blue Cross filed its first motion to dismiss on April 7, 2022. Defendant Health Care Service Corporation's Motion to Dismiss Plaintiff's Complaint and

- 2 -

Memorandum in Support (docket entry 26).  In response, Texienne filed for an extension to respond or, in the alternative, a motion to amend its complaint. Plaintiff's Unopposed Motion for Extension of Time (docket entry 27).  The court granted the motion to amend the complaint, Electronic Order (docket entry 28), and Texienne filed its first amended complaint on May 3, 2022, Plaintiff's First Amended Complaint (docket entry 29).  On May 17, 2022, Blue Cross filed another motion to dismiss the first amended complaint or, in the alternative, a motion for a more definite statement under Rule 12(e).  Defendant Health Care Service Corporation's Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum in Support (docket entry 30).  Texienne did not to respond this motion.  The court granted Blue Cross's motion for a more definite statement.  Order (docket entry 31). Texienne filed its Second Amended Complaint on August 15, 2022.  Second Amended Complaint.

In lieu of an answer, Blue Cross filed the instant motion to dismiss the Second Amended Complaint.  Defendant Health Care Service Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint and Memorandum in Support (docket entry 43) ("Motion to Dismiss").  The motion seeks to dismiss:  (1) the ERISA claim under Rule 12(b)(1) for lack of subject matter jurisdiction, (2) the claims allegedly subject to an arbitration agreement under Rule 12(b)(3) for improper venue, and (3) the suit generally for failure to state a claim under Rule 12(b)(6).  *Id.*

- 3 -

Texienne responded to the motion on October 11, 2018.  Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (docket entry 48) ("Response").  Shortly thereafter, Texienne submitted a stipulation to dismiss Counts C and D of the Second Amended Complaint without prejudice.[1] Plaintiff's Stipulation of Partial Dismissal Pursuant to FED. R. CIV. 41(a)(1) (docket entry 49).

Texienne's remaining claims are Count A, which is a claim for the breach of the TPMA contract, and Count B, which is an ERISA claim on behalf of patients insured by Blue Cross.  Second Amended Complaint ¶¶ 88-106.  Blue Cross filed its reply on October 25, 2022.  Defendant Health Care Service Corporation's Reply in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint and Memorandum in Support (docket entry 51) ("Reply").  The motion is ripe for decision.

---

[1]        These claims relate to Blue Cross's contracts with Dr. Astir Choksi, which – according to Blue Cross – are subject to a binding arbitration agreement. Motion to Dismiss at 18-20.  Because Texienne has dismissed these claims by stipulation, the court need not consider Blue Cross's 12(b)(3) motion or these claims.

## II.  ANALYSIS

### A.  Legal Standards

#### 1.  Standard for Dismissal Under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction.  See *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994); *Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 374 (1978).  A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States.  *See* U.S. CONST. art. III §§ 1-2; see also *Kokkonen*, 511 U.S. at 377. Federal law gives the federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A party seeking relief in a federal district court bears the burden of establishing the subject matter jurisdiction of that court.  *United States v. Hays*, 515 U.S. 737, 743 (1995); *McNutt v. General Motors Acceptance Corporation of Indiana*, 298 U.S. 178, 189(1936); *Langley v. Jackson State University*, 14 F.3d 1070, 1073 (5th Cir.), *cert. denied*, 513 U.S. 811 (1994).

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter.  *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim."  *Moran v. Saudi Arabia*,

27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgras AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception[.]") (citation and internal quotation marks omitted).

On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians* & *Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).

A Rule 12(b)(1) motion on standing grounds can either facially or factually challenge the complaint.  See *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); see also *Rapid Tox Screen LLC v. Cigna Healthcare of Texas Inc.*, No. 3:15-CV-3632-B, 2017 WL 3658841, at *3 (N.D. Tex. Aug. 24, 2017) (Boyle, J.).  A party mounts a facial challenge when it files a 12(b)(1) motion without providing evidence. *MacKenzie v. Castro*, No. 3:15-CV-0752-D, 2016 WL 3906084, at *2 (N.D.

Tex. July 19, 2016) (Fitzwater, J.).  A party mounts a factual challenge, by contrast, when it provides evidence to support its motion to dismiss.  *Id.*  In either instance, whether the challenge is facial or factual, the burden of proof remains on the party asserting jurisdiction.  See *id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam), *cert. denied*, 536 U.S. 960 (2002)).

Here, the defendant filed its 12(b)(1) motion but failed to produce any additional evidence to transform its challenge from facial to factual.  Therefore, as the Fifth Circuit concluded in *Paterson*, "[s]ince here we have only a 'facial attack' and not a 'factual attack,' [the court's] review is limited to whether the [complaint] is sufficient to allege the jurisdiction."  *Paterson*, 644 F.2d at 523.  If the allegations in the complaint, presumed true, sufficiently allege a claim for relief, then the complaint stands and the court must entertain the suit.  See *Rapid Tox Screen*, 2017 WL 3658841, at *3 (citing *Paterson*, 644 F.2d at 523); see also *Crowder v. Village of Kaufman, Ltd.*, 3:09-CV-2181-M, 2010 WL 2710601, at *1 (N.D. Tex. July 7, 2010) (Lynn, J.) ("A 12(b)(1) motion that challenges standing based on the pleadings is considered a facial attack, and the court reviews only the sufficiency of the allegations in the pleading, presuming them to be true.").

2. Standard for Dismissal Under Rule 12(b)(6)

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina*

*Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of

- 8 -

relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" its claims against the defendants "across the line from conceivable to plausible." See *id.* at 679, 683.

## B. Application

### 1. Derivative ERISA Standing

The court will first address whether Texienne has standing to bring Count B, the claim for ERISA benefits. Count B asserts "Breach of TPMA Contract for failure to properly pay Claims subject to ERISA." Second Amended Complaint ¶¶ 98-106. Under ERISA section 502(a)(1)(B), a health plan participant may bring a civil action to recover benefits under the terms of his plan and to enforce rights under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). "It is well established that a healthcare

provider, though not a statutorily designated ERISA beneficiary, may obtain standing to sue derivatively to enforce an ERISA plan beneficiary's claim." *Harris Methodist Fort Worth v. Sales Support Services Incorporated Employee Health Care Plan*, 426 F.3d 330, 333-34 (5th Cir. 2005) (citing *Tango Transport v. Healthcare Financial Services LLC*, 322 F.3d 888, 893 (5th Cir. 2003)).  In the Fifth Circuit, for a third-party to obtain standing, the beneficiary must expressly and knowingly assign the ERISA claim to the third-party.  See *Texas Life Accident, Health & Hospital Service Insurance Guaranty Association v. Gaylord Entertainment Company*, 105 F.3d 210, 218 (5th Cir.) ("[O]nly an express and knowing assignment of an ERISA fiduciary breach claim is valid."), *cert. dism'd*, 521 U.S. 1113 (1997).  "This is so because a plan participant's assignee is considered a beneficiary of the plan and, therefore, may bring litigation to collect benefits owed under the plan." *Rapid Tox Screen*, 2017 WL 3658841, at *4 (citations omitted).

"An assignment is 'a manifestation to another person by the owner of a right indicating his intention to transfer, without further action or manifestation of intention, his right to such other person or third person.'" *Harris Methodist Fort Worth*, 426 F.3d at 334 (quoting *Wolters Village Management Company v. Merchants & Planters National Bank of Sherman*, 223 F.2d 793, 798 (5th Cir. 1955)).  Further, "it is generally true that 'an assignee takes all of the rights of the assignor, no greater and no less[.]'" *Federal Deposit Insurance Corporation v. McFarland*, 243 F.3d 876, 887 n.42

(5th Cir. 2001) (citations omitted).  "Once a valid assignment is made, the assignor's right to performance by the obligor is extinguished in whole or in part and the assignee acquires a right to such performance." *Harris Methodist Fort Worth*, 426 F.3d at 334 (citation and internal quotation marks omitted).

Here, Blue Cross contends that Texienne does not plausibly allege standing to assert its ERISA claim.  Motion to Dismiss at 14-16.  According to Blue Cross, Texienne baselessly asserts that it obtained "assignments of benefits" "in its ordinary course of business," without providing information about who assigned these rights, the scope of the assignments, or the language of the assignments.  *Id.* at 15 (citing Second Amended Complaint ¶¶ 100, 119).  Without this information, Blue Cross argues, Texienne has not plausibly alleged valid assignments.  *Id.* at 15.  Further, Blue Cross argues that Texienne failed to provide more detail in the Second Amended Complaint than it did in the First Amended Complaint, which was when the court ordered Texienne to file a more definite statement.  *Id.* at 15-16.

In response, Texienne argues that it did not plead an ERISA claim; instead, parts of Count B are "conditional" and "may become applicable in the event" Blue Cross asserts ERISA preemption.  Response at 9.  Consequently, ERISA does not apply to the Second Amended Complaint.  *Id.*  Texienne argues that without Blue Cross raising ERISA preemption as an affirmative defense, "Count B recites a contract claim under Texas Law and not an ERISA claim."  *Id.* at 10.  And even if

Blue Cross asserted ERISA preemption, Texienne contends, ERISA does not preempt its breach of the TPMA contract claim because the claim relates to rates of payment, not entitlement to payment.  *Id.* (citing *Electrostim Medical Services, Inc. v. Health Care Service Corporation*, 614 Fed. App'x 731, 737 (5th Cir. 2015)).

Notwithstanding Texienne's characterizations of Count B in its briefing, the Second Amended Complaint pleads that Blue Cross "administered one or more health plans subject to the U.S. Employee Retirement Income Security Act of 1974 ('ERISA')[,]" and "to the extent that any assigned medical claim is subject to ERISA, [Blue Cross's] failure to properly pay that claim is a breach of the TPMA contract." Second Amended Complaint ¶¶ 99, 102.  Texienne then pleads derivative standing to bring this ERISA claim.  *Id.* ¶ 105 ("The assignment of benefits received by Plaintiff from a particular subscriber permits Plaintiff to bring the individual's claim on her behalf.").  Even if Texienne is correct that ERISA does not preempt its breach of contract claim or Blue Cross does not ultimately raise ERISA preemption, the court will determine whether Texienne has plausibly pleaded derivative standing at this juncture to ensure it has subject matter jurisdiction over the "conditional" claim because federal courts are courts of limited jurisdiction.  See *Kokkonen*, 511 U.S. at 377.

Despite Blue Cross's argument to the contrary, the court does not need to determine the scope of the assignments at this stage.  See *Advanced Physicians, S.C. v.*

*Connecticut General Life Insurance Company*, No. 3:16-CV-2355-G, 2017 WL 4868180, at *4-5 (N.D. Tex. Oct. 27, 2017) (Fish, J.) (holding that the "exact nature and scope" of ERISA assignments are not necessary for a facial challenge to the plaintiff's standing).  Given the nature of Rule 12(b)(1) in the context of a facial challenge, the court is satisfied that Texienne has alleged enough facts to establish derivative standing.  Here, "to the extent that any assigned medical claim is subject to ERISA," Second Amended Complaint ¶ 102, the court finds Texienne's contention – that it procured assignments from the patient-beneficiaries – plausible.

## 2.  Failure to State a Claim

### a.  ERISA Claim Under 29 U.S.C. § 1132(a)(1)(B)

Blue Cross also moves to dismiss Count B because Texienne fails to plausibly assert an ERISA claim under 29 U.S.C. § 1132(a)(1)(B).  Motion to Dismiss at 11.  Blue Cross contends that the Second Amended Complaint fails to state a claim because Texienne does not identify the health insurance beneficiaries, the health benefit plans or policies Blue Cross allegedly breached, or how Blue Cross breached those plans or policy terms.  *Id.*  A medical provider asserting that "a health insurer . . . failed to pay what the benefit plans or policies required must allege more than mere conclusions about the plans and alleged breached terms."  *Id.* (citing *Innova Hospital San Antonio, LP v. Blue Cross and Blue Shield of Georgia, Inc.*, 892 F.3d 719, 729 (5th Cir. 2018)).  Blue Cross notes that in *Innova*, the medical provider pleaded

representative plans when it attempted, but was unable, to obtain copies of all applicable plan documents, which the court held was sufficient to plead a claim under 29 U.S.C. § 1132(a)(1)(B).  *Id.* at 12 n.6.  Here, however, Texienne did not allege that it attempted to obtain copies of insurance plans or policies or that it was unable to do so.  *Id.*

In its response, Texienne does not dispute that it did not identify health care plans or policies that were allegedly breached.  *See* Response at 6.  Texienne relies on *Innova* for the proposition that it does not need to "allege actual plan language from each of the subscribers' health plans to show that specific services were actually covered."  *Id.* (quoting *Innova*, 892 F.3d at 732).  But this cited-portion of the *Innova* opinion addresses non-ERISA breach of contract claims, so it is inapposite.  See *Innova*, 892 F.3d at 732.  The *Innova* court carved out a narrow exception to pleading claims under 29 U.S.C. § 1132(a)(1)(B), and because the Second Amended Complaint does not fit into that exception, the court agrees with Blue Cross that *Innova* does not save Count B.

The *Innova* court repeatedly highlighted that the medical-provider plaintiff did not have access to the health care plans and pleaded that excuse.  See *Innova*, 892 F.3d at 727-731 ("Simply put, ERISA plaintiffs should not be held to an excessively burdensome pleading standard that requires them to identify particular plan provisions in ERISA contexts when it may be extremely difficult for them to access

- 14 -

such plan provisions. . . . It bears emphasizing that the [the plaintiff] was unable to obtain plan documents even after good-faith efforts to do so. . . . This is because '[i]f plaintiffs cannot state a claim without facts which tend systemically to be in the sole possession of defendants, the remedial scheme of the statute will fail, and the crucial rights secured by ERISA will suffer.'").  Here, Texienne did not plead that it attempted and failed to obtain health insurance plans or policy documents.  *See* Second Amended Complaint.  Consequently, under *Innova*, Count B is dismissed for failure to state a claim.

In response to this motion, Texienne requested leave to amend.  This request is granted.  Texienne is granted leave to file and serve a third amended complaint to remedy defects identified by the court in this opinion.[2]

b. Breach of Contract Claim

---

[2]       Pleading difficulty obtaining those documents, however, will not be sufficient.  The Fifth Circuit held in *Innova* that plaintiffs need not "necessarily identify the specific language of *every* plan provision [ ] to survive a motion to dismiss[.]"  *Innova*, 892 F.3d at 729 (emphasis added).  "Alleging improper reimbursement based on *representative plan provisions* . . . may be sufficient to show plausibility under *Twombly* and *Iqbal* when there are enough other factual allegations in the complaint to allow a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (emphasis added)(citations omitted).  Thus, the *Innova* exception requires both (1) good-faith attempts at obtaining health insurance plan and policy information and (2) representative plans that show that the claims are plausible.  See, *e.g.*, *Piney Woods ER III, LLC v. Blue Cross and Blue Shield of Texas*, No. 5:20-CV-00041-RWS, 2020 WL 13042507, at *3-4 (E.D. Tex. Oct. 2, 2020).

Blue Cross argues that Count A, the breach of contract claim, should be dismissed for failure to state a claim because the complaint does not identify a TPMA term, fee schedule, or health plan benefit that requires Blue Cross to pay Texienne more.  Motion to Dismiss at 10.  Instead of demonstrating how Texienne was underpaid, Blue Cross argues that Texienne guesses that it was underpaid because commercial insurance rates are typically higher than the Medicare reimbursement rate for the same services.  *Id.*(citing the Second Amended Complaint ¶ 45).  According to Blue Cross, this evidence is irrelevant because "the TPMA contract bases reimbursement on the allowable amounts under the applicable health plans or policies, which depends on the service in question."  *Id.* at 11.  Blue Cross argues that when a plaintiff's allegations, such as the Medicare theory, are compatible with an explanation that does not amount to a breach, the plaintiff fails to state a claim.  *Id.* (citing *Iqbal*, 556 U.S. at 680).

In response, Texienne argues that it pleaded the following:  (1) the existence of a valid contract, (2) facts reflecting that Blue Cross conducted business with Texienne, (3) Texienne provided treatment to patients insured through Blue Cross, (4) Blue Cross breached the TPMA contract by underpaying it for services provided, and (5) Texienne was harmed by Blue Cross's breaches.  Response at 5.  Texienne again cites *Innova* to support the sufficiency of its complaint.  *Id.* (citing *Innova*, 892 F.3d at 731).

- 16 -

To establish a breach of contract claim under Texas law, a claimant must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the [claimant]; (3) breach of contract by the defendant; and (4) damages sustained by the [claimant] as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009).  For ERISA cases involving a non-ERISA breach-of-contract claim, the Fifth Circuit does not require "actual plan language from each of the subscribers' health plans to show that specific services alleged covered were in fact covered" at the motion to dismiss stage.  *Innova*, 892 F.3d at 731-32 (citing *Electrostim*, 614 Fed. App'x at 739).

Here, Texienne sufficiently pleaded the elements of breach of contract.  Unlike the ERISA claim, Texienne does not need to plead the patient's health insurance plan or policy because the breach of contract claim is about the TPMA contract itself.  See *Electrostrim*, 614 F. App'x at 739 (holding that the plaintiff need only allege:  (1) the existence and validity of a provider agreement, (2) performance, and (3) breach of a specific provision of the agreement – which can be the provision obligating defendant to pay plaintiff for "covered products and services").  Thus, Texienne plausibly pleaded a breach of contract claim when it pleaded that Blue Cross breached a specific provision of the TPMA contract – the compensation provision that obligated Blue Cross to pay Texienne its billed rates.  *See* Second Amended Complaint ¶ 94; Exhibit A to Second Amended Complaint at 10 (docket entry 37-1).  Therefore,

- 17 -

Texienne does not need to plead patients' health insurance plans or policies or any fee schedule to plead a plausible breach of contract claim.

Regarding Blue Cross's Medicare argument, in the health insurance context, other district courts have held that plaintiffs sufficiently pleaded a breach of contract when a health insurance company fails to pay providers their "usual, customary, and reasonable rates." See, *e.g.*, *Rapid Tox*, 2017 WL 3658841, at *10; *Texas General Hospital, LP v. United Healthcare Services, Inc.*, No. 3:15-CV-2096-M, 2016 WL 3541828, at *4-5 (N.D. Tex. June 28, 2016) (Lynn, C.J.); *Grand Parkway Surgery Center, LLC v. Health Care Service Corporation*, No. H-15-0297, 2015 WL 3756492, at *6 (S.D. Tex. June 16, 2015). Here, instead of "usual, customary, and reasonable rates," Texienne alleges that Blue Cross breached the TPMA contract because Blue Cross paid less than Medicare reimbursement rates, which are generally lower than private insurance rates. Second Amended Complaint ¶¶ 39-46. The court concludes that this allegation is at least as plausible as if Texienne alleged Blue Cross did not pay "usual, customary, and reasonable rates." Because Fifth Circuit precedent does not require Texienne to allege "actual plan language from each of the subscribers' health plans to show that specific services allegedly covered were in fact covered," see *Innova*, 892 F.3d at 732, the court concludes that Texienne has plausibly alleged its breach of contract claim.

III.  CONCLUSION

- 18 -

For the reasons above, the defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED**.  The defendant's motion to dismiss Count A for failure to state a claim is also **DENIED**.  The defendant's motion to dismiss Count B for failure to state a claim is **GRANTED** with the following provisio:  The plaintiff shall have twenty days from the date of this order to replead only Count B.  Failure to file and serve within that time a third amended complaint that cures the defects in Count B identified by the court will result in the dismissal of that claim without further notice.

       **SO ORDERED**.

April 4, 2023.

*A. Joe Fish*

**A. JOE FISH**
**Senior United States District Judge**

- 19 -