IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| TEXIENNE PHYSICIANS MEDICAL ASSOCIATION, PLLC, | § § § | |
| Plaintiff, | § § § | Civil Action No. 3:22-cv-00591-G |
| v. | § § | |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS AND BLUE SHIELD OF TEXAS, | § § § § | (Removed from the District Court of Montgomery County, Texas, 457th Judicial District, Cause No. 21-11-15221) |
| Defendant. | § § § | |

**ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Martin J. Bishop
Attorney-in-Charge
Texas Bar No. 24086915
Federal I.D. No. 2443325
Thomas C. Hardy
**Reed Smith LLP**
10 South Wacker Drive, Suite 4000
Chicago, IL 60606-7507
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
mbishop@reedsmith.com
thardy@reedsmith.com

Courtney B. Averbach (*pro hac vice*)
**Reed Smith LLP**
225 Fifth Avenue
Pittsburgh, PA, 15222-2716
Telephone: (412) 288-3148
Facsimile: (412) 288-3063
caverbach@reedsmith.com

Jordan L. Fontenot
**Reed Smith LLP**
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201

Telephone: (469) 680-4250
Facsimile: (469) 680-4299
jfontenot@reedsmith.com

**ATTORNEYS FOR DEFENDANT**
**HEALTH CARE SERVICE CORPORATION**

## I.   PARTIES

1.      Texienne Physicians Medical Association, PLLC ("TPMA") is a Texas professional limited liability company with principal offices at 9303 Pinecroft Dr., Ste 280, Montgomery County, TX.

**ANSWER:**   BCBSTX lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

2.      Defendant, Health Care Service Corporation, in its own name and d/b/a Blue Cross and Blue Shield of Texas, is an Illinois corporation with its principal place of business at 300 East Randolph, Chicago, Illinois 60601. Defendant may be served through Corporation Service Company, its agent for service of process, at 211 E. 7th Street, Suite 620, Austin, TX 78701. Defendant has appeared in this matter and may be served through its attorneys of record.

**ANSWER:**   BCBSTX admits that Health Care Service Corporation is an Illinois Mutual Legal Reserve Company that operates in Texas as BCBSTX.  BCBSTX further admits that Health Care Service Corporation maintains a principal place of business located at 300 East Randolph, Chicago, Illinois 60601.  BCBSTX further admits that Health Care Service Corporation has been served and has appeared in this case.  BCBSTX denies the remaining allegations.

## II.   JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

**ANSWER:**   Admitted.

4.      The Parties have consented to venue in the U.S. District Court for the Northern District of Texas. (ECF No. 8.).

**ANSWER:**   Admitted.

5.     Plaintiff has standing to bring the claims herein as Plaintiff seeks to enforce a contract between Plaintiff and Defendant.

**ANSWER:**     BCBSTX admits that Defendant purports to enforce a contract between it and BCBSTX. BCBSTX lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.


## IV.  FACTS[1]

6.     TPMA is a physician practice with numerous offices in Texas.

**ANSWER:**     BCBSTX admits that TPMA holds, or held, itself out as a physician practice, but lacks information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

7.     TPMA began operations as a Physician Group in late 2016.

**ANSWER:**     BCBSTX lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

8.     From inception, TPMA provided services to patients insured by BCBSTX.

**ANSWER:**     BCBSTX lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

9.     TPMA also provided services to subscribers of health insurance policies and health plans administered by BCBSTX under contract with the issuer or sponsor of those plans.

**ANSWER:**     Admitted.

---

[1] BCBSTX's Answer omits a Section III to align with Plaintiff's Fourth Amended Complaint, which similarly omits a Section III.

A.    **The TPMA Contract**

10.    On or about August 9, 2018, TPMA entered into a Participating Plan Provider contract ("TPMA Contract") with BCBSTX. The TPMA contract became effective on August 16, 2018.

**ANSWER:**    BCBSTX admits that it entered into a ParPlan Provider Contract with TPMA on or about August 9, 2018, which was effective as of August 16, 2018. BCBSTX denies the remaining allegations.

11.    The TPMA Contract is attached hereto as Exhibit A.

**ANSWER:**    BCBSTX admits that Plaintiff attaches a copy of the TPMA Contract entered into on or about August 9, 2028, as Exhibit A.

12.    In the TPMA Contract, BCBSTX engaged TPMA to provide services to BCBSTX insureds as well as to other entities to whom BCBSTX provided access to BCBSTX's network of medical providers. (Exhibit A, ¶ 3B, 4C)

**ANSWER:**    Denied.

13.    BCBSTX agreed to directly pay Plaintiff for those services. (Exhibit A, ¶¶ 2B, 3A.).

**ANSWER:**    BCBSTX admits that the August 2018 TPMA Contract provided that BCBSTX would "directly pay" Plaintiff "up to the Maximum Allowance under a Subscriber's specific contract / certificate and as described in Attachment A." BCBSTX denies the remaining allegations..

14.    BCBSTX directly paid TPMA for its services.

**ANSWER:**    BCBSTX admits that it made payments to Plaintiff, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations due to their vagueness, and therefore denies them.

15.    Texas law requires TPMA to directly bill BCBSTX for the services provided to BCBSTX's subscribers who participate in plans for which TPMA is an in-network provider.

**ANSWER:**    To the extent Plaintiff characterizes Texas law, such allegations are not factual allegations, but rather are legal conclusions that do not require an answer. To the extent an answer is required, BCBSTX denies them to the extent they mischaracterize Texas law and denies that Plaintiff was or is an in-network provider.

16.    Texas law requires BCBS to directly pay TPMA for TPMA's services where those services are provided to subscribers of policies or plans for which TPMA is an in-network provider.

**ANSWER:**    To the extent Plaintiff characterizes Texas law, such allegations are not factual allegations, but rather are legal conclusions that do not require an answer. To the extent an answer is required, BCBSTX denies them to the extent they mischaracterize Texas law and denies that Plaintiff was or is an in-network provider.

17.    BCBSTX administers, or provides administrative services for, health insurance policies and health plans on behalf others who issue and/or sponsor such policies and plans.

**ANSWER:**    Admitted.

18.    BCBSTX has established one or more provider networks for access by the issuers and sponsors of the policies and plans it administers on others' behalf or for which it provides administrative services to others.

**ANSWER:**    BCBSTX admits it has established provider networks, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations due to their vagueness, and therefore denies them.

19.    The TPMA Contract is a direct contract between BCBSTX and TPMA, a provider, for the provision of health care services to covered individuals.

**ANSWER:**   BCBSTX admits the TPMA Contract is a contract between BCBSTX and TPMA, who is a medical provider, but denies the remaining allegations.

20.   BCBSTX is a "contracting entity" subject to Texas Insurance Code § 1458.001 et. seq.

**ANSWER:**   To the extent Plaintiff characterizes Texas law, such allegations are not factual allegations, but rather are legal conclusions that do not require an answer. To the extent an answer is required, BCBSTX admits that it may in some circumstances be a "contracting entity" under Chapter 1458 of the Texas Insurance Code. .

21.   The TPMA Contract is a "provider network contract" subject to Texas Insurance Code § 1458.001 et seq.

**ANSWER:**   Denied.

22.   Under the TPMA Contract, TPMA is an in-network provider for subscribers of plans that BCBSTX administers on behalf of others who issue health insurance policies and/or health plans.

**ANSWER:**   Denied.

23.   Texas law requires BCBSTX to directly pay TPMA for TPMA's services provided (i) under the TPMA Contract (ii) to subscribers of health insurance policies and/or health plans BCBSTX administers for others or for which BCBSTX provides administrative services on the issuer's or sponsor's behalf.

**ANSWER:**   To the extent Plaintiff characterizes Texas law, such allegations are not factual allegations, but rather are legal conclusions that do not require an answer. To the extent an answer is required, BCBSTX denies them to the extent they mischaracterize Texas law.

24.     With respect to services that TPMA provided to subscribers of health insurance policies and of health plans BCBSTX administers on behalf of other issuers and/or sponsors, BCBSTX paid TPMA as if TPMA was an in-network provider pursuant to the TPMA Contract. BCBS did so at least by adjudicating claims using the prefix "CO" (contractual obligations) in payment remittance advices sent to TPMA. Such prefix is only proper if the BCBSTX considers the services to have been provided on an "in network" basis.

**ANSWER:**     BCBSTX denies that TPMA is or was an in-network provider or that the denial code prefix "CO" indicates a provider is an in-network provider. BCBSTX lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

25.     TPMA is entitled to payment from BCBSTX at its billed rates. (Exhibit A, p. 9, ¶ A).

**ANSWER:**     Denied.

26.     BCBSTX may be entitled to pay TPMA at a rate lower than its billed rate for particular claims if BCBSTX establishes that the subscriber's specific policy or plan provides for payment at a lower rate. (Exhibit A, p. 9, ¶ A).

**ANSWER:**     BCBSTX admits that the referenced Paragraph A in Attachment A to the TPMA Contract contains terms concerning the amount TPMA agrees to accept as compensation, but denies the remaining allegations as inconsistent with the terms in Attachment A.

27.     BCBSTX paid TPMA at rates less than its billed rates without providing any evidence that the applicable policy or plan entitled BCBSTX to pay these lower rates.

**ANSWER:**     Denied.

28.     BCBSTX must plead and prove the elements of Texas Insurance Code § 1458.101(e) to enforce the provisions of the TPMA Contract, a provider network contract, against TPMA, including any provisions that permit BCBSTX to pay TPMA less than its billed rates.[2]

**ANSWER:**    Denied.

29.     Therefore, TPMA is entitled to its billed rates for services provided subject to the TPMA Contract.

**ANSWER:**    Denied.

30.     As consideration for its rights under the TPMA Contract, TPMA permitted BCBSTX to use its name as required under the contract, provided services to BCBSTX subscribers, and fulfilled its other contractual obligations.

**ANSWER:**    To the extent the allegations characterize the terms of the TPMA Contract, BCBSTX denies them to the extent they are inconsistent with those terms. BCBSTX admits TPMA provided services to BCBSTX members. BCBSTX denies the remaining allegations.

31.     All claims TPMA submitted to BCBSTX during the relevant time period were submitted electronically according to the "Professional 837 (ASC X12N 837) format" as specified in Texas Insurance Code § 1301.131(a).

**ANSWER:**    BCBSTX lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

---

[2] To be enforceable against a provider, a provider network contract, including the lines of business described by Subsections (a) and (f), must also specify or reference a separate fee schedule for each such line of business...." The use of "must" makes this a condition precedent. Tex. Gov't Code § 311.016.

32.     All claims asserted against Defendant in this matter were submitted to BCBSTX as clean claims.

**ANSWER:**     BCBSTX lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

33.     TPMA submitted the claims identified in Exhibit B to BCBSTX for services performed on or after August 16, 2018.

**ANSWER:**     BCBSTX lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

34.     The claims in Exhibit B are identified by the TPMA assigned account number, service date, billed charges, and amount paid. The amount paid includes both payments made by BCBSTX and amounts paid or otherwise due from the patient.

**ANSWER:**     BCBSTX lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

35.     Based on BCBSTX's failure to provide sufficient information to prove its entitlement to lower rates, the amount due is the amount of the billed charges minus the payments received.

**ANSWER:**     Denied.

36.     BCBSTX owes TPMA $30,872,590.09 in unpaid amounts for services rendered pursuant to the TPMA contract.

**ANSWER:**     Denied.

37.     Pursuant to the Professional 837 (ASC X12N 837) format specified for clean claims, each claim was identified to BCBSTX according to BCBSTX's Member ID and according to the account number assigned by TPMA.

**ANSWER:**   BCBSTX lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

38.   When paying a claim, BCBSTX identified the claims to TPMA using the TPMA assigned account number.

**ANSWER:**   BCBSTX lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

39.   The Congressional Budget Office recently completed a study in which it concluded that from 2013 to 2018 commercial insurers paid physicians, on average, 1.25 times the Medicare reimbursement rate for the same services. See Exhibit C, p. 6.[3] Therefore, TPMA may reasonably infer that any claim for which BCBSTX paid TPMA less than the Medicare reimbursement amount was underpaid by BCBSTX pursuant to the TPMA Contract.

**ANSWER:**   BCBSTX admits the Congressional Budget Office issued the report attached as Exhibit C, but denies that Plaintiff accurately characterizes its contents or that Plaintiff has a factual basis to assert that payment at less than the Medicare reimbursement amount breached the TPMA Contract. BCBSTX denies the remaining allegations.

40.   Exhibit D lists the claims submitted to BCBSTX under the TPMA Contract and for which BCBSTX paid TPMA less than the Medicare reimbursement rate.

**ANSWER:**   BCBSTX lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

41.   Two claims listed in Exhibit D are shown below:

---

[3]  Downloaded from https://www.cbo.gov/system/files/2022-01/57422-medical-prices.pdf, last visited on August 14, 2022.

| Account | Service Date | Last Payment Date | Charges | Payments | Claim Allowed | Calculated CMS Allowable | Delta |
|---|---|---|---|---|---|---|---|
| 120 | 8/16/2018 | 9/10/2018 | $ 296.00 | $ - | $ - | $ 65.18 | $65.18 |
| NEWC50-32 | 8/16/2018 | 8/24/2018 | $ 1,929.00 | $ 139.00 | $ 139.00 | $ 190.47 | $51.47 |

**ANSWER:**   BCBSTX admits that Plaintiff listed these claims in Exhibit D to the Fourth Amended Complaint, but denies any remaining allegations.

42.   The "Account" is a unique number assigned to the claim by TPMA's billing company in order to identify the claim. BCBSTX uses this "Account" number when identifying the claim back to TPMA. "Service Date" is the date services were performed and "Last Payment Date" was the date on which BCBSTX made a payment on the claim. "Charges" are amounts billed on the claim. "Claim Allowed" is the amount BCBSTX alleged was due to TPMA on the particular claim when the claim was adjudicated.

**ANSWER:**   BCBSTX lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

43.   "Calculated CMS Allowable" is the amount Plaintiff calculates, and therefore contends, that CMS would have paid for the services billed to BCBSTX on the particular claim. The "Delta" is the amount BCBSTX paid to TPMA that is less than the amount Medicare would have reimbursed TPMA. The Delta is calculated by subtracting the "Payments" (amounts received in payment of the claim) from the "Calculated CMS Allowable".

**ANSWER:**   BCBSTX lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

44.   The "Calculated CMS Allowable" was calculated by determining the CMS RVRBS procedure rates, lab reimbursement rates, drug reimbursement rates, and any other applicable reimbursements allowable under the Medicare rules and adding those amounts together.

**ANSWER:**   BCBSTX lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

45.   As stated above, commercial insurer rates are typically higher than Medicare reimbursement rates. Thus, the claims identified in Exhibit D are likely underpaid at amounts greater than listed in Exhibit D.

**ANSWER:**   Denied.

46.   Therefore, based on the CBO's determination that private insurances routinely reimbursed providers at rates greater than Medicare, BCBSTX underpaid TPMA for claims under the TPMA Contract in amounts exceeding $505,772.28.

**ANSWER:**   Denied.


**V.   CLAIMS AGAINST DEFENDANT**

**A.   Breach of TPMA Contract**

47.   Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER:**   BCBSTX incorporates by reference each of its preceding responses to the factual allegations in the Fourth Amended Complaint as if fully set forth herein.

48.   BCBSTX was contractually obligated, under the TPMA Contract, to pay Plaintiff for the healthcare services provided to BCBSTX's subscribers.

**ANSWER:**     To the extent the allegations characterize the terms of the TPMA Contract, BCBSTX denies them to the extent they are inconsistent with those terms..

49.     BCBSTX was further obligated to pay Plaintiff for the healthcare services provided to subscribers of health insurance policies or health plans administered by BCBSTX or of plans and policies for which BCBSTX provided administrative services.

**ANSWER:**     To the extent the allegations characterize the terms of the TPMA Contract, BCBSTX denies them to the extent they are inconsistent with those terms..

50.     Plaintiff fully performed under the contract.

**ANSWER:**     Denied.

51.     BCBSTX materially breached its statutory and contractual obligations by failing to pay TPMA the amount owed for covered medical services.

**ANSWER:**     Denied.

52.     BCBSTX failed to properly pay TPMA for at least each of the claims identified in Exhibit D to this Second Amended Complaint.

**ANSWER:**     Denied.

53.     BCBSTX breached the TPMA Contract by failing to pay each claim listed in Exhibit B in the amount billed by TPMA.

**ANSWER:**     Denied.

54.     BCBSTX was also statutorily obligated to pay the "clean claims" submitted by Plaintiff pursuant to § 843.336 of the Texas Insurance Code.

**ANSWER:**     Denied.

55.     Because BCSTX failed to timely pay Plaintiff's claims, Plaintiff is entitled to statutory penalties and interest under Texas Insurance Code § 843.342.

**ANSWER:**   Denied.

56.     Plaintiff has suffered damages as a result of BCBSTX's breaches, and it is entitled to recover its reasonable and necessary attorney's fees incurred to prosecute this matter.

**ANSWER:**   Denied.

## VI.  DAMAGES

57.     Each of the unlawful acts alleged above has proximately caused damage to Plaintiff. Plaintiff suffered and will continue to suffer in the future, actual damages, direct and consequential, including without limitation lost profits in the past and in the future, and damage to goodwill. BCBSTX has underpaid TPMA in an amount to be proved at trial and such amount is at least $505,772.28. TPMA would further allege that it is entitled to its billed charges for all claims submitted to BCBSTX. As such, TPMA would show that BCBSTX has underpaid TPMA by $30,872,590.09.

**ANSWER:**   Denied.

58.     In addition, Plaintiff is entitled to recover its reasonable and necessary attorney's fees, costs of court, and pre- and post-judgment interest.

**ANSWER:**   Denied.

59.     Plaintiff is also entitled to statutory penalties under the Texas Insurance Code.

**ANSWER:**   Denied.

## VII. CONDITIONS PRECEDENT

60.     All conditions precedent to Plaintiff's recovery have been performed, have occurred, or have been waived under contract.

**ANSWER:**   Denied.

## VIII.   PRAYER

61.     Plaintiff prays that BCBSTX be cited to appear and answer herein, and that upon final trial, the Plaintiff recover the following from the Defendant:

**ANSWER:**     BCBSTX denies that Plaintiffs are entitled to any recovery in this matter.

62.     All actual damages suffered by Plaintiff, an amount which is in excess of the minimum jurisdictional limit of the Court;

**ANSWER:**     BCBSTX denies that Plaintiffs are entitled to any recovery in this matter.

63.     Costs of suit, pre-judgment and post-judgment interest in the maximum amount allowed by law;

**ANSWER:**     BCBSTX denies that Plaintiffs are entitled to any recovery in this matter.

64.     Statutory penalties and interest;

**ANSWER:**     BCBSTX denies that Plaintiffs are entitled to any recovery in this matter.

65.     Attorney's fees; and

**ANSWER:**     BCBSTX denies that Plaintiffs are entitled to any recovery in this matter.

66.     Any and all other relief Plaintiff may be entitled to at law or in equity.

**ANSWER:**     BCBSTX denies that Plaintiffs are entitled to any recovery in this matter.

## DEFENSES

1.     Plaintiff fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims fail to the extent it or a subscriber failed to satisfy conditions of the TPMA Contract and/or the applicable benefit plans and/or failed to submit claims with information required under the terms of the TPMA Contract, applicable law and/or the applicable benefit plans.

- 14 -

3.      Plaintiff's claims are subject to contractual limitations on benefits and coverage, as set forth in the TPMA Contract and/or the applicable benefit plans.

4.      Plaintiff may not recover to the extent it failed to submit proof of covered services under the applicable benefit plans.

5.      Plaintiff's own acts and omissions contributed to any injuries it has suffered.

6.      Plaintiff's claims are barred to the extent that BCBSTX has paid all amounts owed under the terms of the applicable benefit plans.

7.      Plaintiff's statutory damages claim is barred in whole or in part because such statutes cannot be given extra-territorial effect and cannot apply to claims involving health plans issued in other states.

8.      Plaintiff's statutory damages claim is barred to the extent the benefit claims at issue were not "clean claims" when Plaintiff submitted them to BCBSTX.

9.      Plaintiff's statutory damages claims are barred to the extent they seek penalties or interest that, if due, would be owed to the Texas Department of Insurance.

10.      Plaintiff's claim for statutory penalties under the Texas Insurance Code do not apply to health benefit claims that are under  non-health maintenance organization plans, plans governed by the Employee Retirement Income Security Act of 1974 (ERISA), the Federal Employee Health Benefit Act, and Medicare Advantage, that are for members of benefit plans issued or administered by out-of-state Blue Cross and Blue Shield entities, or that are for members of state employee health benefit plans or private self-funded benefit plans.

11.      In addition and in the alternative, if the TPMA Contract is not enforceable, as Plaintiff alleges, it is not enforceable in whole or part. In addition and in the alternative, if the

TPMA Contract is not enforceable, benefits, if any, available for the underlying services are governed solely by the terms of the underlying health plans.

12.     Plaintiff's claims fail to the extent they are barred by the applicable statutes of limitations and/or contractual limitations on suit.

13.     Plaintiff's claims are barred by estoppel and/or waiver.

14.     Plaintiff's claims are barred by laches and/or equitable estoppel, given its failure to promptly raise any issues with the benefit claims at issue until filing the instant litigation.

15.     Plaintiff's damages, if any, should be reduced by any amount attributable to its failure to mitigate damages.

16.     BCBSTX asserts defenses of setoff, credit, offset, and recoupment with respect to amounts overpaid to Plaintiff, including but not limited to any finding that the TPMA Contract is not enforceable or valid.

17.     Plaintiff's allegations do not give fair notice of the underlying health plans and claims in dispute. To the extent they involve any claims under self-funded state, state agency, or municipal plans, such claims are barred by governmental immunity. To the extent any such underlying claims were under a plan governed by Chapter 1551 of the Texas Insurance Code, BCBSTX seeks dismissal of such claims from this suit for improper venue under Fed. R. Civ. P. 12(b)(1) because the exclusive jurisdiction and venue for any such claims is in Travis County courts, as set forth in Chapter 1551, BCBSTX is not a proper party, and because governmental immunity bars such claims here in any event.

18.     Plaintiff's state-law claims involving benefit claims governed by ERISA, the Federal Employee Health Benefit Act and Medicare Advantage are preempted by applicable federal law.

19.     BCBSTX has no responsibility for the benefit determinations relating to certain of the benefit claims at issue, where the patients at issue are members of benefit plans issued or administered by other independent Blue Cross and Blue Shield entities, and thus BCBSTX is not a proper party, and Plaintiffs may not hold BCBSTX liable as to such benefit claims.

20.     BCBSTX asserts defenses of accord and satisfaction, to the extent Plaintiff previously disputed payment of any claims and accepted additional amounts BCBSTX paid in response.

21.     BCBSTX asserts a defense based on the parties' course of performance, whereby BCBSTX paid and TPMA accepted the amounts BCBSTX paid for the services at issue over the course of years without complaint or challenge.

22.     BCBSTX reserves the right to supplement these Defenses and assert counterclaims as it obtains additional information through discovery or otherwise.


Dated:          July 5, 2023                    Respectfully Submitted,

                                                */s/ Thomas C. Hardy*

                                                Martin J. Bishop
                                                Attorney-in-Charge
                                                Texas Bar No. 24086915
                                                Federal I.D. No. 2443325
                                                Thomas C. Hardy
                                                **Reed Smith LLP**
                                                10 South Wacker Drive, Suite 4000
                                                Chicago, IL 60606-7507
                                                Telephone: (312) 207-1000
                                                Facsimile: (312) 207-6400
                                                mbishop@reedsmith.com
                                                thardy@reedsmith.com

                                                Courtney B. Averbach (*pro hac vice*)
                                                **Reed Smith LLP**
                                                225 Fifth Avenue

- 17 -

Pittsburgh, PA, 15222-2716
Telephone: (412) 288-3148
Facsimile: (412) 288-3063
caverbach@reedsmith.com

Jordan L. Fontenot
**Reed Smith LLP**
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4250
Facsimile: (469) 680-4299
jfontenot@reedsmith.com

**ATTORNEYS FOR DEFENDANT
HEALTH CARE SERVICE
CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Thomas C. Hardy* ___